IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE P. LESTER,<br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br>Secretary of the Department of<br>Homeland Security,<br>    Defendant. | Civil Action No. 3: 23-cv-00873<br>Judge Richardson / Frensley |

## REPORT AND RECOMMENDATION

This fee-paid, pro se employment action is before the Court on the motion of defendant Alejandro N. Mayorkas, Secretary, Department of Homeland Security, to dismiss Andre P. Lester's complaint for lack of subject matter jurisdiction and failure to state claim. Docket No. 11. Lester opposes the motion, and the matter is fully briefed. For the reasons set forth below, the Court recommends the motion be granted.

### I.     BACKGROUND

Plaintiff Andre P. Lester is a 63-year-old Black male and former U.S. Customs and Border Protection (CBP) Officer at the Nashville, Tennessee, office. On April 5, 2018, he filed a complaint of discrimination ("2018 Agency complaint") with Defendant's EEO office in accordance with 29 C.F.R. 1614.106. Docket No 12-1 pp. 49-56. In his 2018 Agency complaint, Plaintiff checked the boxes for "race" and "retaliation" and alleged the following:

    1)    In or around March 2017, CBP Officer, Crystal Lopera said [Plaintiff] looks like a big black scary man.

    2)    Beginning around May 2017 to January 2018, CBP Officer Lopera posted a picture of CBP Officer, John Chehotsky facing the [Plaintiff]'s cubicle to taunt him.

    3)    On July 21, 2017, [Plaintiff] sent Assistant Area Port Director (AAPD), Lori Breakstone an email regarding CBP Officer Lopera's harassment and AAPD

Breakstone failed to respond to take appropriate action.

4) On August 1 and 23, 2017, Port Director (PD) Mark Treanor issued [Plaintiff] a Memorandum of Instruction regarding an allegation of misconduct.

5) In or around August 2017 to January 2018, CBP Officer, Lisa Hill and CBP Officer Lopera said [Plaintiff] is intimidating and harassing.

6) On November 29, 2017, PD Treanor threatened to remove [Plaintiff]'s weapon, remove him from his position and employment with CBP, and attempted to force [Plaintiff] to go to the qualification range, after [Plaintiff] informed PD Treanor that he did not feel comfortable being at the range with CBP Officer Lopera due to the existing Memorandum of Instruction he was issued in August 2017.

7) In or around November 2017, CBP Officer, Bruce Clark made false allegations about [Plaintiff] when he told CBP Officer Hill that [Plaintiff] informed him that he discriminates against gay personnel and that [Plaintiff] believes females should not serve in the military or law enforcement.

8) In or around January 2018, CBP Officer Hill refused to work overtime assignment with [Plaintiff] because she was afraid of him.

9) On January 16, and 22, 2018, via email, PD Treanor directed [Plaintiff] to move to another cubicle because CBP Officer Hill requested [Plaintiff]'s cubicle based on seniority.

10) On February 6, 2018, CBPO Clark did not want to work with [Plaintiff] because [Plaintiff] is intimidating.

*Id.*

On May 3, 2018, the Agency issued an acceptance letter for the complaint. Docket No. 12-1 pp. 61-64. On May 22, 2023, the Agency issued its Decision denying Plaintiff's Request for Reconsideration of its decision finding no discrimination. *Id*. pp. 67-70.

On August 18, 2023, Plaintiff, proceeding pro se, filed his court form complaint for employment discrimination in this Court, alleging discrimination based on his race, age, disability (anxiety), as well as retaliation for protected activity. Docket No. 1, p. 3. He asserts claims under Title VII, the ADEA, ADA, and "other federal law," specifically, "threat to commit bodily harm 'murder.'" *Id*., p. 4. Plaintiff named as a defendant, Alejandro N. Mayorkas, Secretary of the Department of Homeland Security.

Plaintiff checked the following boxes for the discriminatory conduct he complains of: termination of employment, failure to promote,[1] failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. *Id*., p. 3.

Plaintiff asserts he was wrongfully terminated after the following events. He was discriminated against for having a known disability and was egregiously treated differently. He was retaliated against for taking time off under doctors' orders. He suffered an adverse employment action, i.e., placed on administrative leave for one year. He was discriminated against based on his age, 58 years old, and replaced by a younger worker. He was retaliated against for bringing the matter to the Agency's attention and filing EEOC charges; and he was inhumanly "tested" by management who threatened his life in order to determine the truth of his disability. *Id.*, pp. 3, 5. He claims the discriminatory acts he describes occurred from October 5, 2018, through January 14, 2019, and from January 22 through January 28, 2019. Docket No. 1, p. 3.

Defendant moves to dismiss on the grounds that Plaintiff failed to exhaust administrative remedies as to his Title VII, ADEA, and Rehabilitation Act claims challenging his purported wrongful termination and six specific events which occurred during his federal employment. Defendant contends that to the extent Plaintiff is asserting a claim for age discrimination under the ADEA, it is untimely and fails to state a claim. Defendant argues Plaintiff's claim asserting "threat to commit bodily harm" should be dismissed for lack of subject matter jurisdiction. In support of its motion, defendant attached copies of Plaintiff's 2018 EEO (Agency) complaint, Docket No, 12-1; the Agency's Report of Investigation, Docket No. 12-2; and the EEOC's Decision denying his Request for Reconsideration. Docket No. 12-3.[2]

---

[1] It is unclear whether Plaintiff asserts a claim for failure to promote because although the box for "failure to promote" is checked, the words "failure to promote" are crossed through.
[2] As a general rule, matters outside the pleadings may not be considered in ruling on a motion to

Plaintiff opposes the motion, asserting he properly exhausted administrative remedies. Docket No. 13. Defendant replies, noting Plaintiff's response is untimely and therefore should not be considered by the Court. Docket No. 14.

## II. DISCUSSION

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F. 3d 559, 561 (6th Cir. 1998).

---

dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, such as here, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

## A. Title VII Discrimination Claims-Race

Defendant argues Plaintiff's race and disability claims under Title VII should be dismissed on the ground that Plaintiff failed to exhaust administrative remedies. Docket No. 12, p. 8. Defendant argues the claims Plaintiff exhausted in his EEO process are not the claims raised in this lawsuit, and conversely, the claims he raised in this lawsuit have not been exhausted. Id. Defendant argues that while Plaintiff filed his 2018 Agency complaint and received a final agency decision on May 22, 2023, none of Plaintiff's claims in the instant complaint are reflected in the 2018 Agency complaint. The Court agrees.

Prior to bringing suit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC. *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019). Title VII's administrative exhaustion requirement is a mandatory claim-processing rule, not a jurisdictional limitation, and is therefore waivable. Id. at 1850-51. Exhaustion of administrative remedies is also required for claims of discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (id.), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq., *Coats v. McDonough,* 2021 WL 5846550, at * 9 (M.D. Tenn. Dec. 9, 2021). Failure to exhaust such remedies is fatal to claims of federal employment discrimination. *Brown v. General Services Admin.*, 425 U.S. 820, 835 (1976).

After a charge is filed, the plaintiff must obtain a right-to-sue letter from the EEOC before bringing Title VII claims in federal court. *See Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). Receipt of a right-to-sue letter is a "condition precedent" to filing a discrimination suit. "Allegations outside the scope of the EEOC charge circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000) (citation omitted).

5

Moreover, as a federal employee, Plaintiff is subject to the "federal employment" provisions of Title VII, which contemplate that each federal agency will establish procedures for the processing of discrimination complaints. 42 U.S.C. § 2000e-16(b). EEOC regulations require that employees of federal agencies who believe they have been discriminated against must consult an EEO Counselor prior to filing a complaint in order to try to informally resolve the matter. See 29 C.F.R. § 1614.105(a). Such employees must initiate contact with a counselor within 45 days of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action. See 29 C.F.R. § 1614.105(a)(1). The EEO counselor then conducts a final interview with the aggrieved person within thirty days of the date the aggrieved person brought the matter to the counselor's attention. *See* 29 C.F.R. § 1614.105(d). If the matter has not been resolved within that thirty-day period, the aggrieved person is to be notified not later than the thirtieth day of the right to file a formal discrimination complaint. Id.

Here, Plaintiff claims that the discriminatory acts he describes in the instant complaint occurred from October 5, 2018, through January 14, 2019, and from January 22 through January 28, 2019. Docket No. 1, p. 3. However, Plaintiff filed his April 2018 Agency complaint prior to any date in that range and did not amend his Agency complaint to incorporate any newly alleged incidents. As a result, none of the discriminatory conduct that Plaintiff alleges occurred from October 2018 through January 2019 in the instant complaint was included in his April 2018 Agency complaint. Specifically, although Plaintiff checked the box for race discrimination, he makes no mention of his race in the factual allegations of his complaint, nor has he identified any adverse action suffered or alleged that similarly situated individuals of other races were treated differently.

Moreover, none of the allegations from the April 2018 Agency complaint concern the

6

Case 3:23-cv-00873   Document 19   Filed 05/13/24   Page 6 of 12 PageID #: 96

allegations in the instant complaint. As a result, the undersigned concludes Plaintiff failed to exhaust administrative remedies as to his Title VII race claim, and thus, dismissal of this claim is appropriate. This claim should be dismissed without prejudice for failure to exhaust.

### B. Rehabilitation Act and Age Discrimination in Employment Act (ADEA) Claims

As an initial matter, the Rehabilitation Act of 1973 ("Rehabilitation Act"), not the Americans with Disabilities Act ("ADA"), is the exclusive remedy for a federal employee alleging disability-based discrimination." *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). Because Plaintiff is a former federal employee, the Rehabilitation Act applies rather than the ADA.

Like Title VII claims, exhaustion of administrative remedies is a prerequisite to filing suit against federal employers pursuant to the Rehabilitation Act. *Coats*, 2021 WL 5846550, at *9 (M.D. Tenn. Dec. 9, 2021) (quoting *Ryan v. McDonald*, 191 F. Supp. 3d 729, 740 (N.D. Ohio 2016)). Exhaustion is required under the ADEA as well. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008).(as a statutory prerequisite to bringing claims under ADEA and GINA, plaintiff was obligated to explicitly file the claims in his EEOC charge or the claims must be reasonably expected to grow out of the charge.). In addition to the timing issue discussed above, Plaintiff did not raise any age or disability claims during the administrative process. No reading of Plaintiff's 2018 Agency complaint can reasonably be construed as raising any claim of discrimination based on age or disability. As a result, the undersigned concludes Plaintiff failed to exhaust administrative remedies as to his age and disability claims, and thus, dismissal of these claims is appropriate. These claims should be dismissed without prejudice for failure to exhaust.

### C. Retaliation Claim

Plaintiff claims Defendant retaliated against him: (1) for asking to be accommodated for his disability; (2) for taking time off from work pursuant to his doctor's orders; and (3) for bringing

7

the matter to his employer's attention and filing his EEOC charge. Docket No. 1, p. 5.

Courts are not required to conjure up unpled allegations or guess at the nature of an argument. *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001). To decipher Plaintiff's retaliation claims would require speculation as to their basis. In addition to the lack of any factual detail with respect to his retaliation claims, the first two retaliation claims fail as Plaintiff failed to exhaust administrative remedies with regard to those claims. Neither claim was included in his 2018 Agency complaint.

In this case, in his 2018 Agency Complaint, Plaintiff checked the boxes for "race" and "retaliation" and alleged the following particulars: 1)in or around March 2017, CBP Officer, Crystal Lopera said [Plaintiff] looks like a big black scary man; 2) beginning around May 2017 to January 2018, CBP Officer Lopera posted a picture of CBP Officer, John Chehotsky facing the [Plaintiff]'s cubicle to taunt him; 3)on July 21, 2017, [Plaintiff] sent Assistant Area Port Director (AAPD), Lori Breakstone an email regarding CBP Officer Lopera's harassment and AAPD Breakstone failed to respond to take appropriate action; 4) on August 1 and 23, 2017, Port Director (PD) Mark Treanor issued [Plaintiff] a Memorandum of Instruction regarding an allegation of misconduct; 5)in or around August 2017 to January 2018, CBP Officer, Lisa Hill and CBP Officer Lopera said [Plaintiff] is intimidating and harassing; 6) on November 29, 2017, PD Treanor threatened to remove [Plaintiff]'s weapon, remove him from his position and employment with CBP, and attempted to force [Plaintiff] to go to the qualification range, after [Plaintiff] informed PD Treanor that he did not feel comfortable being at the range with CBP Officer Lopera due to the existing Memorandum of Instruction he was issued in August 2017; 7) in or around November 2017, CBP Officer, Bruce Clark made false allegations about [Plaintiff] when he told CBP Officer Hill that [Plaintiff] informed him that he discriminates against gay personnel and that [Plaintiff]

8

believes females should not serve in the military or law enforcement; 8) in or around January 2018, CBP Officer Hill refused to work overtime assignment with [Plaintiff] because she was afraid of him; 9) on January 16, and 22, 2018, via email, PD Treanor directed [Plaintiff] to move to another cubicle because CBP Officer Hill requested [Plaintiff]'s cubicle based on seniority; and 10) on February 6, 2018, CBPO Clark did not want to work with [Plaintiff] because [Plaintiff] is intimidating.

The record shows that Plaintiff checked the "race" and "retaliation" boxes. He does not include any allegation about needing or requesting an accommodation based on disability or taking time off from work based on a doctor's order. Nor can it be read to "reasonably be expected to grow out of the charge of discrimination." *See Griffin v. Carlin*, 755 F. 2d 1516, 1522 (11th Cir. 1985); s*ee* also *Duggins v. Steak 'N Shake*, 195 F.3d 828, 832 (6th Cir. 1999)("If an EEOC charge does not properly allege a retaliation claim, the court only has jurisdiction over retaliation arising as a result of filing the EEOC charge itself."). As a result, Plaintiff failed to exhaust his administrative remedies on the instant retaliation claim and he cannot pursue it in this federal action.

As to his third retaliation claim, the undersigned concludes Plaintiff has failed to state a claim. Accepting Plaintiff's allegation as true, Plaintiff has at most alleged that he was wrongfully terminated after bringing matters to the attention of management and filing EEO complaints. Docket No. 1, p. 3. This is insufficient.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must establish: (1) he engaged in activity protected by Title VII; (2) his exercise of protected activity was known by the defendant; (3) the defendant took an action that was materially adverse to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action.

9

*Passmore v. Mapco Express, Inc*., 447 F. Supp. 3d 654, 668 (M.D. Tenn. 2017). The elements are the same under the ADEA and Rehabilitation Act. *See Bledsoe v. Tennessee Valley Auth. Bd. of Directors*, 42 F.4th 568, 587 (6th Cir. 2022).

While a plaintiff is not required to plead all elements of a *prima facie* case to survive a motion to dismiss, he still must meet the *Iqbal* general plausibility requirement. *Thomas v. Tennessee Dep't of Hum. Servs*., No. 3:21-CV-00426, 2022 WL 2286780, at *8 (M.D. Tenn. June 23, 2022).

Plaintiff has failed to do so here. In *Arteaga v. Cinram-Technicolor*, the pro se plaintiff asserted her former employer discriminated against her by failing to promote her due to her race and nationality and retaliated against her by terminating her after she filed an EEOC charge. No. 3:19-CV-00349, 2020 WL 433990, at *5-6 (M.D. Tenn. Jan. 28, 2020), *report and recommendation adopted*, No. 3:19-CV-00349, 2020 WL 1905176 (M.D. Tenn. Apr. 17, 2020). The court dismissed the discrimination and retaliation claims where the plaintiff did not allege the position for which she was denied a promotion, when it occurred, who was involved in the promotion decision, or describe any of the circumstances surrounding her termination. *Id.*

Similarly, Plaintiff makes threadbare allegations here. Plaintiff has not identified what matters he brought to Defendant's attention and to whose attention such matters were brought. Nor has he identified what EEO charges or complaints he is referencing, the allegations of those charges, or when they were filed. Plaintiff has not identified the date of his alleged termination, who made the termination decision, if such persons were aware of Plaintiff engaging in protected activity, and how his termination was causally connected to protected activity. *See also Wells v. Steve Madden, Ltd*., No. 3- 15-0366, 2015 WL 4476597, at *3 (M.D. Tenn. July 22, 2015) (finding plaintiff failed to plead § 1981 claim based on discriminatory and retaliatory termination where

plaintiff had not alleged when the termination occurred, by whom she was fired, what reason was given for her firing, [or] how the firing was connected to her race or her protected activity, what that protected activity was, or how similarly situated non-African American employees were treated differently").

The undersigned concludes that on this record, Plaintiff has failed to state a retaliation claim upon which relief can be granted. Plaintiff's retaliation claims should be dismissed without prejudice.

### D. "Other Federal Law" Claim

Finally, to the extent Plaintiff is alleging that he was threatened "to commit bodily harm 'murder,'" as a basis for jurisdiction, this claim must be dismissed for lack of subject matter jurisdiction. Plaintiff does not identify any law, federal or otherwise, under which such a claim can be brought, nor is the court aware of any. *See, Omanwa v. Mid-Century Ins. Co.*, No. 1:18-CV-93, 2018 WL 9651885, at *2 (E.D. Tenn. Sept. 19, 2018) ("General references to common law and unidentified statutes and regulations are insufficient to state a federal cause of action").

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss, Docket No. 11, be **GRANTED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See*

11

Case 3:23-cv-00873   Document 19   Filed 05/13/24   Page 11 of 12 PageID #: 101

*Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                **JEFFERY S. FRENSLEY**
                                                **United States Magistrate Judge**