IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE P. LESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:23-cv-00873 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| ALEJANDRO MAYORKAS, Secretary of | ) |
| the Department of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court[1] is a Report and Recommendation (Doc. No. 19, "R&R") of the Magistrate Judge, wherein the Magistrate Judge recommends that this Court grant the motion to dismiss (Doc. No. 11, "Motion") filed by Defendant and dismiss this action in its entirety. Plaintiff filed objections to the R&R (Doc. No. 20, "Objections"),[2] to which Defendant filed a response (Doc. No. 21, "Response").

For the reasons stated herein, the Court overrules the Objections, adopts the findings of the Magistrate Judge in the R&R, grants the Motion, and dismisses this action in its entirety.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, "Objections" refers both to the document (Doc. No. 20) itself and to objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"). Defendant argues that the Objections, which were filed 17 days after the R&R was filed, should be denied as untimely. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. Therefore, Plaintiff's Objections—filed within 17 days of the R&R—are timely.

## BACKGROUND

Plaintiff does not dispute any of the facts as set forth by the Magistrate Judge in the R&R.[3] As such, the Court adopts that factual background in its entirety and includes it here for reference.

> Plaintiff Andre P. Lester is a 63-year-old Black male and former U.S. Customs and Border Protection (CBP) Officer at the Nashville, Tennessee, office. On April 5, 2018, he filed a complaint of discrimination ("2018 Agency complaint") with Defendant's EEO office in accordance with 29 C.F.R. 1614.106. Docket No 12-1 pp. 49-56. In his 2018 Agency complaint, Plaintiff checked the boxes for "race" and "retaliation" and alleged the following:
>
> 1) In or around March 2017, CBP Officer, Crystal Lopera said [Plaintiff] looks like a big black scary man.
>
> 2) Beginning around May 2017 to January 2018, CBP Officer Lopera posted a picture of CBP Officer, John Chehotsky facing the [Plaintiff]'s cubicle to taunt him.
>
> 3) On July 21, 2017, [Plaintiff] sent Assistant Area Port Director (AAPD), Lori Breakstone an email regarding CBP Officer Lopera's harassment and AAPD Breakstone failed to respond to take appropriate action.
>
> 4) On August 1 and 23, 2017, Port Director (PD) Mark Treanor issued [Plaintiff] a Memorandum of Instruction regarding an allegation of misconduct.
>
> 5) In or around August 2017 to January 2018, CBP Officer, Lisa Hill and CBP Officer Lopera said [Plaintiff] is intimidating and harassing.
>
> 6) On November 29, 2017, PD Treanor threatened to remove [Plaintiff]'s weapon, remove him from his position and employment with CBP, and attempted to force [Plaintiff] to go to the qualification range, after [Plaintiff] informed PD Treanor that he did not feel

---

[3] Via the Objections, Plaintiff asserts additional background facts regarding his alleged disability (anxiety) and how that disability affected his relationships and performance in the workplace. (Doc. No. 20 at 3). However, the Court does not find these facts material to deciding the R&R because they were not alleged in the Complaint (Doc. No. 1, "Complaint"). Moreover, issues raised "in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived." *Valentine v. Gay*, No. 3:23-cv-00204, 2023 WL 7930049, at *2 (M.D. Tenn. Nov. 16, 2023) (citing *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)).

comfortable being at the range with CBP Officer Lopera due to the existing Memorandum of Instruction he was issued in August 2017.

7) In or around November 2017, CBP Officer, Bruce Clark made false allegations about [Plaintiff] when he told CBP Officer Hill that [Plaintiff] informed him that he discriminates against gay personnel and that [Plaintiff] believes females should not serve in the military or law enforcement.

8) In or around January 2018, CBP Officer Hill refused to work overtime assignment with [Plaintiff] because she was afraid of him.

9) On January 16, and 22, 2018, via email, PD Treanor directed [Plaintiff] to move to another cubicle because CBP Officer Hill requested [Plaintiff]'s cubicle based on seniority.

10) On February 6, 2018, CBPO Clark did not want to work with [Plaintiff] because [Plaintiff] is intimidating.

*Id.*

On May 3, 2018, the Agency issued an acceptance letter for the complaint. Docket No. 12-1 pp. 61-64. On May 22, 2023, the Agency issued its Decision denying Plaintiff's Request for Reconsideration of its decision finding no discrimination. *Id*. pp. 67-70.

On August 18, 2023, Plaintiff, proceeding pro se, filed his court form complaint for employment discrimination in this Court, alleging discrimination based on his race, age, disability (anxiety), as well as retaliation for protected activity. Docket No. 1, p. 3. He asserts claims under Title VII, the ADEA, ADA, and "other federal law," specifically, "threat to commit bodily harm 'murder.'" *Id*., p. 4. Plaintiff named as a defendant, Alejandro N. Mayorkas, Secretary of the Department of Homeland Security.

Plaintiff checked the following boxes for the discriminatory conduct he complains of: termination of employment, failure to promote, failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. *Id*., p. 3.

Plaintiff asserts he was wrongfully terminated after the following events. He was discriminated against for having a known disability and was egregiously treated differently. He was retaliated against for taking time off under doctors' orders. He suffered an adverse employment action, i.e., placed on administrative leave for one year. He was discriminated against based on his age, 58 years old, and replaced by a younger worker. He was retaliated against for bringing the matter to the Agency's attention and filing EEOC charges; and he was inhumanly "tested"

by management who threatened his life in order to determine the truth of his disability. *Id.*, pp. 3, 5. He claims the discriminatory acts he describes occurred from October 5, 2018, through January 14, 2019, and from January 22 through January 28, 2019. Docket No. 1, p. 3.

Defendant moves to dismiss on the grounds that Plaintiff failed to exhaust administrative remedies as to his Title VII, ADEA, and Rehabilitation Act claims challenging his purported wrongful termination and six specific events which occurred during his federal employment. Defendant contends that to the extent Plaintiff is asserting a claim for age discrimination under the ADEA, it is untimely and fails to state a claim. Defendant argues Plaintiff's claim asserting "threat to commit bodily harm" should be dismissed for lack of subject matter jurisdiction. In support of its motion, defendant attached copies of Plaintiff's 2018 EEO (Agency) complaint, Docket No, 12-1; the Agency's Report of Investigation, Docket No. 12-2; and the EEOC's Decision denying his Request for Reconsideration. Docket No. 12-3.

Plaintiff opposes the motion, asserting he properly exhausted administrative remedies. Docket No. 13. Defendant replies, noting Plaintiff's response is untimely and therefore should not be considered by the Court. Docket No. 14.

(Doc. No. 19 at 1–4) (footnotes omitted).

In his analysis, the Magistrate Judge concluded that the Motion should be granted and Plaintiff's claims pursuant to Title VII [of the Civil Rights Act of 1964, as amended] the Rehabilitation Act, and the ADEA [Age Discrimination in Employment Act] should be dismissed on the ground that Plaintiff failed to exhaust administrative remedies.[4] (Doc. No. 19 at 5-7). Specifically, regarding the claims of race discrimination under Title VII, the Magistrate Judge reasoned that although Plaintiff filed the 2018 Agency complaint with Defendant's EEO office,[5]

---

[4] The Magistrate Judge concluded that because Plaintiff is a former federal employee, the Rehabilitation Act (not the ADA) applies to his claim for disability-based discrimination. (Doc. No. 19 at 7 (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) ("The Rehabilitation Act, not the Americans with Disabilities Act (ADA), constitutes the exclusive remedy for a federal employee alleging disability-based discrimination."))). Accordingly, the Magistrate Judge also dismissed Plaintiff's ADA claim.

[5] Federal job discrimination laws applicable to federal government employees are administered internally by the employer agencies themselves. An aggrieved federal employee must bring a claim of discrimination to an EEO counselor within 45 days of the alleged discriminatory conduct, 29 C.F.R. § 1614.105(a)(1), and, if the claim is not resolved informally, the employee must file a formal complaint within 15 days of receiving notice of his or her right to file a formal EEO discrimination complaint. 29 C.F.R. § 1614.105(d).

the allegations in that complaint did not include the allegations in the instant Complaint. As the Magistrate Judge observed, Plaintiff asserts in his Complaint that the race-based discrimination he allegedly suffered occurred several months *after* he filed the 2018 Agency complaint (which he did not later amend to include any newly alleged incidents). Thus, the Magistrate Judge concluded, Plaintiff failed to exhaust administrative remedies as to these claims, meaning that these claims should be dismissed without prejudice. (*Id.* at 7). The Magistrate Judge reasoned likewise regarding Plaintiff's claims of age discrimination (under the ADEA) and claims of disability discrimination (which, as the Magistrate Judge concluded, are considered under the Rehabilitation Act rather than the Americans with Disabilities Act because Plaintiff was a federal employee). That is, the Magistrate Judge found a failure to exhaust these claims based on the same timing issues that plagued Plaintiff's race discrimination claims, and his view that "Plaintiff's 2018 Agency complaint can[not] reasonably be construed as raising any claim of discrimination based on age or disability." (*Id.* at 7). As a result, the Magistrate Judge recommended dismissal of these claims without prejudice.

That leaves Plaintiff's retaliation claims. Plaintiff asserted that Defendant retaliated against him for: (1) asking to be accommodated for his disability (anxiety), (2) taking off work pursuant to doctor's orders, and (3) raising these issues with his employer and filing an EEOC charge. (*Id*. at 7-8) citing Doc. No. 1 at ¶ 5)).[6] The Magistrate Judge found that neither of the first two claims

---

If the federal employee receives an adverse final determination from the federal agency, she may then file suit in a federal court or request a hearing before the Equal Employment Opportunity Commission ("EEOC"). 29 C.F.R. § 1614.407(a).

[6] Although Plaintiff alleges that Defendant retaliated against him for filing an "EEOC charges [sic]," what Plaintiff actually filed was a complaint of discrimination (i.e., 2018 Agency complaint) with Defendant's EEO office, followed by a request to the EEOC to reconsider the Agency's decision regarding that complaint (which the EEOC denied). Complaints of discrimination filed with the EEOC are commonly referred to as a "charge." *See* U.S. Equal Employment Opportunity Commission, *Frequently Asked Questions*, https://www.eeoc.gov/youth/frequently-asked-questions ("If you decide to file a complaint,

was mentioned in the 2018 Agency complaint, meaning that Plaintiff failed to exhaust administrative remedies as to those claims. (*Id*. at 8). As to Plaintiff's third retaliation claim, the Magistrate Judge concluded that Plaintiff's "threadbare allegations" were insufficient to meet *Iqbal's* general plausibility requirement. (*Id*. at 8-9). Therefore, the Magistrate Judge recommended that all of Plaintiff's retaliation claims be dismissed without prejudice.[7] (*Id*. at 11).

Finally, the Magistrate Judge concluded that Plaintiff's "other federal law" claim must be dismissed for lack of subject-matter jurisdiction because Plaintiff failed to identify any law (federal or otherwise) under which such a claim could be brought. (*Id*.).[8]

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party

---

called a 'Charge of Discrimination,' . . ."); U.S. Equal Employment Opportunity Commission, *What should I do if I receive an EEOC charge of discrimination?*, https://www.eeoc.gov/employers/small-business/what-should-i-do-if-i-receive-eeoc-charge-discrimination ("A charge is a *complaint* of discrimination . . ."). Although in the R&R the Magistrate Judge appears to use the terms "charge" and "complaint" interchangeably, the Court herein endeavors to use the term "complaint" (or "EEO complaint") when referring to a complaint of discrimination filed with a federal agency's EEO office (such as the complaint that Plaintiff filed with Defendant's EEO office, i.e., the 2018 Agency Complaint).

[7] A dismissal for failure to state a claim, unlike dismissal for failure to exhaust administrative remedies, might appropriately be deemed a dismissal *with* prejudice. But for whatever reason—perhaps because all other dismissals he recommended were recommended to be without prejudice, and/or simply to extend some degree of lenience to Plaintiff because he was proceeding pro se—the Magistrate Judge recommended that the third retaliation claim (like all other claims) be dismissed *without* prejudice.

[8] It seems clear that such a dismissal would be one without prejudice. *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576-77 (6th Cir. 2010) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice." (quoting *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x. 292, 298 (6th Cir. 2001))).

may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R and the Objections. Below, the Court conducts a *de novo* analysis of the portions of the R&R challenged by the Objections.[9]

## ANALYSIS

The R&R recommends that the Court grant Defendant's motion to dismiss the action filed by Plaintiff (meaning, as made clear above, dismiss all claims without prejudice). (Doc. No. 19 at 11). Via the Objections, Plaintiff makes unsupported and irrelevant contentions about the facts surrounding his employment and alleged disability. (*See* Doc. No. 20 at 3-4). Plaintiff's only objections that could even conceivably be construed as specific and directed at the R&R are (1) his unsupported assertion that the Magistrate Judge did not adequately assess whether the EEO office reviewed Plaintiff's 2018 Agency complaint in its entirety, and (2) his contention that he properly exhausted his administrative remedies by his filing of a discrimination complaint with Defendant's EEO office. (Doc. No. 20 at 4-5). Plaintiff's first objection fails because the

---

[9] As indicated herein, the Objections must be generously construed in order to be considered to have actually challenged any portion of the R&R.

Magistrate Judge's recommendation was not even tied to the EEO office's review of the 2018 Agency complaint. Rather, the Magistrate Judge's conclusion that Plaintiff failed to exhaust administrative remedies was based, properly, on the Magistrate Judge's accurate finding that the allegations made in the instant Complaint were not encompassed within the 2018 Agency complaint. Plaintiff makes no argument as to why this conclusion is wrong. And Plaintiff's second objection simply misses the mark. As the Magistrate Judge explained in detail, the fact that Plaintiff filed *a* discrimination complaint with Defendant's EEO office does not give Plaintiff a right to assert, in a lawsuit in court, *any* claims he wishes. Instead, any claims in court must be based on allegations that were within the scope of the EEO complaint; "[a]llegations outside the scope of the EEOC charge . . . are not allowed [to be pursued in court]," because they "circumscribe the EEOC's investigatory and conciliatory role." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000).[10] So the mere fact that Plaintiff filed an EEO complaint with his agency-employer's EEO office does not mean Plaintiff exhausted his administrative remedies as to *the claims in the instant Complaint;* in fact, he failed to do so because the claims in the Complaint are not within the scope of the allegations in Plaintiff's 2018 Agency complaint.

---

[10] Although *Kells* dealt with an EEOC charge rather than an EEO complaint, the Court sees no reason why the principle explained in *Kells* would not apply equally to an EEO complaint (like the one Plaintiff filed with Defendant's EEO office). At least one other court in this Circuit appears to agree. *See e.g., Zickefoose v. Austin*, No. 2:22-cv-1935, 2023 WL 155909, at *5 (S.D. Ohio Jan. 11, 2023) (relying on case law framing the relevant inquiry as "whether [Plaintiff] alleged sufficient facts in his EEOC Complaint to put the EEOC on notice" of claims pending before the court when assessing whether plaintiff alleged sufficient facts in his *EEO* complaint to put defendant's *EEO office* on notice of the claims in plaintiff's federal complaint). Moreover, Plaintiff has not argued that the Court should treat an EEO complaint differently than an EEOC complaint in this context.

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 19). Accordingly, Defendant's Motion (Doc. No. 11) is GRANTED, and this action is dismissed in its entirety. The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE